

Search for Cases by: Select Search Method...

| Judicial Links | eFiling | Help | Contact Us | Print | | Logon |

**1111-CV11318 - MICHAEL SCHAEFER V FIRSTSOURCE ADVANTAGE, LLC (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending ○ Ascending        Display Options: All Entries

---

**01/25/2012**   Civil Setting Scheduled
   Scheduled For: 03/20/2012; 9:00 AM ; KRISTIE JEAN SWAIM; Setting: 1; St Charles Circuit Div

**01/24/2012**   Hearing Continued/Rescheduled
   Hearing Continued From: 01/24/2012; 9:00 AM Civil Setting

**12/23/2011**   Summons Issued-Associate
   Document ID: 11-ADSM-8839, for FIRSTSOURCE ADVANTAGE, LLC. SENT ELECTRONICALLY TO ATTORNEY FOR PROCESSING. TO
   Order - Special Process Server
      Associated Entries: 12/21/2011 - Motion Special Process Server
   Civil Setting Scheduled
      Associated Entries: 01/24/2012 - Hearing Continued/Rescheduled
      Scheduled For: 01/24/2012; 9:00 AM ; PHILIP EUGENE PREWITT; Setting: 1; St Charles Circuit Div

**12/21/2011**   Filing Info Sheet eFiling
      Filed By: JAMES W EASON
   Pet Filed in Associate Ct
   Petition; Request for SPS.
      On Behalf Of: MICHAEL SCHAEFER
   Motion Special Process Server
      Associated Entries: 12/23/2011 - Order - Special Process Server
   Order
   PURSUANT TO THE "ELEVENTH JUDICIAL CIRCUIT ORDER OF JUDGE ASSIGNMENTS AND INDIVIDUALIZED DOCKET PLAN" DATED THE 14TH DAY OF OCTOBER, 2010, AND ON FILE IN THE OFFICE OF THE PRESIDING JUDGE, THIS CASE IS ASSIGNED TO SUCH DIVISION AS SET FORTH IN SAID "ELEVENTH JUDICIAL CIRCUIT ORDER OF JUDGE ASSIGNMENTS AND INDIVIDUALIZED DOCKET PLAN". SO ORDERED, JON A CUNNINGHAM, PRESIDING JUDGE

Case.net Version 5.11.12.3        Return to Top of Page        Released 01/17/2012

EXHIBIT A



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>PHILIP PREWITT | Case Number: 1111-CV11318 |
|---|---|
| Plaintiff/Petitioner:<br>MICHAEL SCHAEFER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES W EASON<br>1141 SOUTH SEVENTH STREET<br>SAINT LOUIS, MO 63104 |
| Defendant/Respondent:<br>FIRSTSOURCE ADVANTAGE, LLC | Date, Time and Location of Court Appearance:<br>24-JAN-2012, 09:00 AM<br>TRANSFER JUDGE COURTROOM |
| Nature of Suit:<br>AC Other Tort | 300 N 2nd<br>SAINT CHARLES, MO 63301 |

(Date File Stamp)

## Associate Division Summons

The State of Missouri to: FIRSTSOURCE ADVANTAGE, LLC
Alias:
205 BRYANT WOODS SOUTH
AMHERST, NY 14228

**COURT SEAL OF**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**ST. CHARLES COUNTY**

December 23, 2011                                    /S/ JUDY ZERR
_____Date_____          _____Clerk_____

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other_____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

(Seal)    Subscribed and sworn to before me on _____ (date).

My commission expires: _____    _____
                                    Date                                       Notary Public

**Sheriff's Fees, if applicable**
Summons                                    $_____
Non Est                                      $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $   10.00
Mileage                                    $_____  (_____ miles @ $_____ per mile)
Total                                         $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT
ST. CHARLES COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **MICHAEL J. SCHAEFER** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. |
| v. | ) |
| | ) Division |
| **FIRSTSOURCE ADVANTAGE, LLC** | ) |
| | ) |
| Defendant. | ) |
| Serve at: | ) |
| | ) |
| C T CORPORATION SYSTEM | ) |
| 120 SOUTH CENTRAL AVENUE | ) |
| ST. LOUIS, MISSOURI 63105 | ) |

## PETITION

COMES NOW, Plaintiff, Michael J. Schaefer, and for his Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

### JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

4. This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b).

### PARTIES

1

5. Plaintiff is a natural person currently residing in St. Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and TCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

6. Upon information and belief, Defendant is a foreign corporation with its principal place of business at 205 Bryant Woods South, Amherst, New York 14228. The principal business purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

8. Defendant's collection activity began within the past twelve (12) months.

9. Defendant's collection activity consisted of numerous telephone calls to Plaintiff's cellular telephone and at least one collection letter.

10. Defendant called Plaintiff at least sixty times (60) during a six week time period.

11. Plaintiff received Defendant's initial communication in June 2011.

12. During this call, Plaintiff requested validation of the debt.

13. Defendant claimed that validation had previously been sent and refused to re-send the validation notice.

14. Defendant made calls to Plaintiff throughout the day while Plaintiff was working.

15. Plaintiff expressly asked the Defendant to limit call between the hours of 5-9 p.m., but Defendant failed to do so.

16. During one of these calls, Defendant told Plaintiff that garnishment "could happen" if Plaintiff did not pay the alleged debt. To date, no litigation or garnishment against Plaintiff has taken place.

17. Defendant has called Plaintiff's cellular telephone daily, and often multiple times per day.

18. During several of these calls, the Defendant would fail to identify themselves as debt collectors.

19. Defendant's phone calls for Plaintiff were placed from Defendant's automatic telephone dialing system, as defined by 47 USC 227(a)(1), from the phone number that is registered to the Defendant.

20. Those phone calls were made to Plaintiff's cellular phone and he was charged for those phone calls.

21. Due to the fact that Defendant calls Plaintiff from multiple numbers, some of which are blocked by caller identification services, it is impossible for Plaintiff to ascertain the precise number of calls at this time.

22. Plaintiff never entered into any agreement whereby he provided express consent for Defendant to place calls to his cellular phone with Defendant's automatic telephone dialing system.

23. Plaintiff never entered into any agreement whereby he consented to arbitrate disputes between himself and Defendant.

24. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to cellular phone charges, anxiety, sleeplessness, and worry.

## COUNT I: VIOLATION OF THE FDCPA

25. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

26. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

   a. Failing to identify itself as a debt collector; 15 U.S.C. § 1692e.

Electronically Filed - St Charles County - Circuit Court - December 21, 2011 - 03:38 PM CST

b. Causing a telephone to ring repeatedly with the intent to annoy, abuse, or harass any person at the called number. 15 USC 1692d;

c. Causing charges to be made to the consumer by concealment. 15 USC § 1692d;

d. Threatening Plaintiff with action that Defendant never intended to take or could not legally take including legal action, 15 USC § 1692e.

e. Refusing to provide validation of the debt, 15 USC § 1692e, g.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E. For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 22.

28. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

a. By placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff. 47 USC 227(b) (1) (A) (iii).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Declaratory judgment that Defendant's conduct violated the TCPA;

4

Electronically Filed - St Charles County - Circuit Court - December 21, 2011 - 03:38 PM CST

B.  Actual damages;

C.  Statutory damages pursuant to 47 USC (b)(3); and

D.  For such other relief as the Court may deem just and proper.

**EASON & VOYTAS, LLC**

s/ James W. Eason

**JAMES W. EASON, #57112
RICK A. VOYTAS, #52046
EASON & VOYTAS, LLC
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1066
Fax:    (314) 667-3161**

Electronically Filed - St Charles County - Circuit Court - December 21, 2011 - 03:38 PM CST