Electronically Filed - St Charles County - Circuit Court - December 21, 2011 - 03:38 PM CST

**IN THE CIRCUIT COURT**
**ST. CHARLES COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE DIVISION**

| | | |
|---|---|---|
| **MICHAEL J. SCHAEFER** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. |
| v. | ) | |
| | ) | Division |
| **FIRSTSOURCE ADVANTAGE, LLC** | ) | |
| | ) | |
| Defendant. | ) | |
| Serve at: | ) | |
| | ) | |
| C T CORPORATION SYSTEM | ) | |
| 120 SOUTH CENTRAL AVENUE | ) | |
| ST. LOUIS, MISSOURI 63105 | ) | |

## PETITION

COMES NOW, Plaintiff, Michael J. Schaefer, and for his Petition states as follows:

## INTRODUCTION

1.      This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.      This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

## JURISDICTION

3.      This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

4.      This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b).

## PARTIES

Electronically Filed - St Charles County - Circuit Court - December 21, 2011 - 03:38 PM CST

5.      Plaintiff is a natural person currently residing in St. Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and TCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

6.      Upon information and belief, Defendant is a foreign corporation with its principal place of business at 205 Bryant Woods South, Amherst, New York 14228. The principal business purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect debts alleged to be due another.

7.      Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

8.      Defendant's collection activity began within the past twelve (12) months.

9.      Defendant's collection activity consisted of numerous telephone calls to Plaintiff's cellular telephone and at least one collection letter.

10.     Defendant called Plaintiff at least sixty times (60) during a six week time period.

11.     Plaintiff received Defendant's initial communication in June 2011.

12.     During this call, Plaintiff requested validation of the debt.

13.     Defendant claimed that validation had previously been sent and refused to re-send the validation notice.

14.     Defendant made calls to Plaintiff throughout the day while Plaintiff was working.

15.     Plaintiff expressly asked the Defendant to limit call between the hours of 5-9 p.m., but Defendant failed to do so.

16.     During one of these calls, Defendant told Plaintiff that garnishment "could happen" if Plaintiff did not pay the alleged debt. To date, no litigation or garnishment against Plaintiff has taken place.

Electronically Filed - St Charles County - Circuit Court - December 21, 2011 - 03:38 PM CST

17.     Defendant has called Plaintiff's cellular telephone daily, and often multiple times per day.

18.     During several of these calls, the Defendant would fail to identify themselves as debt collectors.

19.     Defendant's phone calls for Plaintiff were placed from Defendant's automatic telephone dialing system, as defined by 47 USC 227(a)(1), from the phone number that is registered to the Defendant.

20.     Those phone calls were made to Plaintiff's cellular phone and he was charged for those phone calls.

21.     Due to the fact that Defendant calls Plaintiff from multiple numbers, some of which are blocked by caller identification services, it is impossible for Plaintiff to ascertain the precise number of calls at this time.

22.     Plaintiff never entered into any agreement whereby he provided express consent for Defendant to place calls to his cellular phone with Defendant's automatic telephone dialing system.

23.     Plaintiff never entered into any agreement whereby he consented to arbitrate disputes between himself and Defendant.

24.     Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to cellular phone charges, anxiety, sleeplessness, and worry.

## COUNT I: VIOLATION OF THE FDCPA

25.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

26.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

a.      Failing to identify itself as a debt collector; 15 U.S.C. § 1692e.

3

Electronically Filed - St. Charles County - Circuit Court - December 21, 2011 - 03:38 PM CST

  b. Causing a telephone to ring repeatedly with the intent to annoy, abuse, or harass any person at the called number. 15 USC 1692d;

  c. Causing charges to be made to the consumer by concealment.  15 USC § 1692d;

  d. Threatening Plaintiff with action that Defendant never intended to take or could not legally take including legal action, 15 USC § 1692e.

  e. Refusing to provide validation of the debt, 15 USC § 1692e, g.

  WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

  A. Declaratory judgment that Defendant's conduct violated the FDCPA;

  B. Actual damages;

  C. Release of the alleged debt;

  D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

  E. For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

  27. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 22.

  28. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

  a. By placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff.  47 USC 227(b) (1) (A) (iii).

  WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

  A. Declaratory judgment that Defendant's conduct violated the TCPA;

4

Electronically Filed - St Charles County - Circuit Court - December 21, 2011 - 03:38 PM CST

B.  Actual damages;

C.  Statutory damages pursuant to 47 USC (b)(3); and

D.  For such other relief as the Court may deem just and proper.


**EASON & VOYTAS, LLC**

s/ James W. Eason
_____
**JAMES W. EASON, #57112**
**RICK A. VOYTAS, #52046**
**EASON & VOYTAS, LLC**
**1 North Taylor Ave.**
**St. Louis, Missouri 63108**
**Phone: (314) 932-1066**
**Fax:    (314) 667-3161**