UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SCHAEFER, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO: 4:12-CV-00311(CAS) |
| FIRSTSOURCE ADVANTAGE, LLC | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff, Michael J. Schaefer, and for his First Amended Complaint states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

3. Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(a-b) on all issues so triable.

### JURISDICTION

4. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d), and venue is proper in this Court because the illicit collection activity that is the subject of this Amended Complaint was directed to Plaintiff in St. Charles County, Missouri.

5. This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b).

1

## PARTIES

6. Plaintiff is a natural person currently residing in St. Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and TCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

7. Upon information and belief, Defendant is a foreign corporation with its principal place of business at 205 Bryant Woods South, Amherst, New York 14228. The principal business purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

9. Defendant's collection activity began on or about June 3, 2011.

10. Defendant's collection activity consisted of numerous telephone calls to Plaintiff's cellular telephone and at least one collection letter.

11. All of Defendant's calls were placed with an automatic telephone dialing device that had the capacity to store, dial, and generate numbers.

12. In June of 2011, Defendant called Plaintiff thirty-one times. During this month, Defendant placed multiple calls per day to Plaintiff on approximately twelve different occasions.

13. In July and August of 2011, Defendant continued to call Plaintiff in incessant fashion and continued to call Plaintiff multiple times per day.

14. Defendant's goal in placing extremely frequent calls to Plaintiff was to harass and intimidate Plaintiff.

15. In many of these calls, including calls placed to Plaintiff's residence and cellular numbers, Defendant left cryptic messages on Plaintiff's voicemail that failed to identify

Defendant's name or the fact that Defendant was a debt collector or the fact that the message was an attempt to collect a debt.

### The June 4, 2011 Phone Call

16. Defendant called Plaintiff at work on June 4, 2011. Plaintiff returned this call and explained that it was not convenient for him to get calls at work.

17. During this June 4 call, Defendant never told Plaintiff that it was a debt collector and Defendant never told Plaintiff that the communication was a debt collection attempt.

18. During this June 4 call, Plaintiff provided his cellular phone number to Defendant so that Defendant would stop calling him at work, but Defendant never asked if Plaintiff consented to receiving calls from Defendant's automatic telephone dialing device.

19. Plaintiff never gave Defendant permission to call his cellular phone using an automatic telephone dialing system.

20. During this June 4 call, Defendant knew that Plaintiff had not yet received Defendant's initial collection letter because Defendant did not send that letter until June 6, 2011.

21. During the June 4 call, Defendant knew that Plaintiff had not been apprised of his rights pursuant to 15 U.S.C. § 1692g because Plaintiff could not yet have received Defendant's letter putting Plaintiff on notice of those rights.

22. Nonetheless, Defendant demanded payment in full from Plaintiff in the June 4 call and never told Plaintiff that Defendant's demand was subject to Plaintiff's rights to dispute the debt, request validation of the debt, or to request verification of the balance owed.

23. During the June 4 call, Defendant told Plaintiff that Plaintiff's "situation" would get "extremely worse."

24. Plaintiff told Defendant that he had retained a debt settlement company who would soon be in touch with Defendant to attempt to resolve the debt; at this point, Defendant

knew or should have known that Plaintiff did not wish to be contacted any further regarding the debt.

25. Defendant's aggressive behavior in the June 4 call, and in the other calls during the thirty-day dispute period referenced in 15 U.S.C. § 1692g described below, overshadowed Plaintiff's rights pursuant to that Section.

26. Defendant's aggressive behavior during the thirty day dispute period led Plaintiff to believe that he had no right or ability to dispute the debt or to exercise any of his other rights as per Section 1692g.

### Subsequent Phone Calls to Plaintiff's Employer

27. Despite the fact that Defendant knew Plaintiff wished to avoid calls at Plaintiff's place of employment, Defendant called Plaintiff's place of employment approximately twenty times after the June 4 telephone in an effort to collect the debt.

28. For example, just two days after the June 4 phone call, on June 6, 2011, Defendant called Plaintiff's employer twice in an effort to collect the debt.

29. Defendant deliberately called Plaintiff at work after June 4, 2011 to harass and intimidate him.

### Calls to Plaintiff on June 14, June 17, and July 5, 2011

30. Defendant had live conversations with Plaintiff or his spouse on June 14, 2011, June 17, 2011 and July 5, 2011.

31. Defendant failed, in all of these conversations, to inform Plaintiff that Defendant was a debt collector.

32. Defendant failed, in all of these conversations, to inform Plaintiff that the purpose of the communication was a debt collection attempt.

**Defendant Knew Plaintiff Retained A Debt Settlement Firm**

33. On July 8, 2011, Defendant made contact with Plaintiff's debt settlement company. On or about this date, Defendant also received a "Power of Attorney" from the debt settlement company that instructed Defendant that Defendant needed to speak with the debt settlement company, and not Plaintiff, to discuss the debt.

34. On July 8, Defendant spoke with a representative at the debt settlement company and confirmed that Plaintiff was in fact working with the debt settlement company.

35. Nonetheless, Defendant continued to call Plaintiff directly in an effort to collect the debt. For example, Defendant called Plaintiff on July 15, 2011.

36. In the July 15, 2011 call, Defendant failed to disclose its identity as a debt collector and did not state that the purpose of the call was to collect a debt.

37. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to cellular phone charges, anxiety, sleeplessness, and worry.

**COUNT I: VIOLATION OF THE FDCPA**

38. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

39. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

    a. Failing to identify itself as a debt collector; 15 U.S.C. § 1692d, e.

    b. Causing a telephone to ring repeatedly with the intent to annoy, abuse, or harass any person at the called number. 15 USC 1692d;

    c. Causing charges to be made to the consumer by concealment. 15 USC § 1692d;

    d. Overshadowing Plaintiff's rights pursuant to 15 USC § 1692g.

    e. Engaging in additional conduct, including calling Plaintiff at work and calling Plaintiff after Defendant knew it should have dealt with Plaintiff's debt settlement firm, where the

natural consequence of such conduct is to harass, oppress, and abuse Plaintiff, 15 USC § 1692c-d.

    f.    Engaging in additional conduct that is unfair to Plaintiff, 15 USC § 1692f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A.    Judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Release of the alleged debt;

    D.    Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

    E.    For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

    40.    Plaintiff re-alleges and incorporates by reference paragraphs 1 to 22.

    41.    In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

    a.    By placing approximately forty-one non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff.  47 USC 227(b) (1) (A) (iii).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A.    Declaratory judgment that Defendant's conduct violated the TCPA;

    B.    Actual damages;

    C.    Statutory damages pursuant to 47 USC (b)(3); and

    D.    For such other relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED:


/s/ Richard A. Voytas, Jr.
JAMES W. EASON, #57112MO
RICHARD A. VOYTAS, #52046MO
Eason & Voytas, LLC
Attorneys for Plaintiff
One North Taylor Avenue
St. Louis, Missouri 63108
Phone: (314) 932-1066
Fax:     (314) 667-3161

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served via email, with a MS Word copy attached, to the following email address on June 20, 2012:

SPENCER FANE BRITT & BROWNE LLP
Patrick T. McLaughlin
1 North Brentwood Boulevard, Suite 1000
St. Louis, MO 63105
(314) 863-7733 (Telephone)
(314) 862-4656 (Facsimile)
pmclaughlin@spencerfane.com

/s/James W. Eason_____