**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL J. SCHAEFER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:12-cv-00311 |
| FIRSTSOURCE ADVANTAGE, LLC, | ) ) |
| Defendant. | ) JURY TRIAL DEMANDED ) |

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

COMES NOW Firstsource Advantage, LLC ("Firstsource" or "Defendant") and, for its answer to the First Amended Complaint filed by the Plaintiff (Doc. #13, "Amended Complaint"), admits, denies, and avers as follows:

**INTRODUCTION**

1. Paragraph 1 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

2. Paragraph 2 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

3. Paragraph 3 is a jury demand that is not subject to admission or denial, or require a response.

**JURISDICTION**

4. Responding to paragraph 4, Defendant admits that this Court has jurisdiction over Plaintiff's claims and that venue is proper in this Court; the remaining allegations of paragraph 4 contain legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

5. Defendant admits the allegations in paragraph 5.

## PARTIES

6.     Defendant is without information sufficient to either admit or deny the statements contained in the first and last sentences of paragraph 6, and therefore denies the same. Responding further, the second sentence of paragraph 6 is a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same

7.     Defendant denies that it is a foreign corporation, but admits that its principal place of business is in the State of New York.  Defendant admits that a portion of its business relates to the collection of debts, but denies the remaining allegations in paragraph 7.

8.     Defendant admits that a portion of its business relates to the collection of debts by mail and telephone.  The remaining allegation in paragraph 8 is a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

## FACTS

9.     Defendant admits the allegations in paragraph 9.

10.    Defendant admits the allegations in paragraph 10.

11.    Defendant denies the allegations in paragraph 11.

12.    Defendant admits the allegations in paragraph 12.

13.    Defendant denies the allegations in paragraph 13.

14.    Defendant denies the allegations in paragraph 14.

15.    Defendant denies the allegations in paragraph 15.

### The June 4, 2011 Phone Call

16.    Defendant admits that Plaintiff claimed that the number called was a work number, but is otherwise without information sufficient to admit or deny the allegations in paragraph 16, and therefore, denies the same.

17.    Defendant denies the allegations in paragraph 17.

18. Responding to paragraph 18, Defendant admits that Plaintiff provided his cellular number to Defendant; further responding, Defendant denies the remaining allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant is without sufficient information or knowledge to either admit or deny the allegations in paragraph 20, and therefore denies the same.

21. Defendant is without sufficient information or knowledge to either admit or deny the allegations in paragraph 21, and therefore denies the same.

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

### Subsequent Phone Calls to Plaintiff's Employer

27. Responding to paragraph 27, Defendant admits that it called Plaintiff on June 4, 2011; further responding, Defendant denies the remaining allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

### Calls to Plaintiff on June 14, June 17, and July 5, 2011

30. Defendant admits the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

**Defendant Knew Plaintiff Retained A Debt Settlement Firm**

33. Responding to paragraph 33, Defendant admits that on or about July 8, 2011, it received correspondence from Americor Financial Debt Solutions and on or about said date it also received a Power of Attorney from Americor Financial Debt Solutions.

34. Defendant admits the allegations in paragraph 34.

35. Defendant admits the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36 in that Plaintiff hung up on Defendant's collector.

37. Defendant denies the allegations in paragraph 37.

## COUNT I
## ALLEGED VIOLATION OF FDCPA

38. Defendant incorporates by reference paragraphs 1 through 37 above.

39. Defendant denies the allegations in paragraph 39, including all of its subparts.

## COUNT II
## ALLEGED VIOLATION OF TCPA

40. Defendant incorporates by reference paragraphs 1 through 37 above.

41. Defendant denies the allegations in paragraph 41, including all of its subparts.

## JURY TRIAL DEMAND

Defendant renews its demand for a jury trial on all issues triable by jury.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the doctrine of laches, waiver, and/or estoppel.

3. Defendant acted in good faith with reasonable grounds to believe that its actions were not in violation of law, including the FDCPA and the TCPA, and the actions were unintentional and/or were the result of a bona fide error as defined in the FDCPA.

4. Plaintiff lacks standing to pursue this claim.

5. Plaintiff's claims are barred under the mootness doctrine.

6. Plaintiff's claims may be barred, in whole or in part, to the effect Plaintiff failed to mitigate his damages, the existence of which damages Defendant specifically denies.

7. Defendant did not act in willful disregard of any requirements of any law.

8. To the extent it is determined that Defendant violated the FDCPA and/or the TCPA, which Defendant specifically denies, any award of damages or attorneys' fees would be improper because any such violation would be *de minimis*, inconsequential and not material.

9. Plaintiff's TCPA claims are barred under the doctrine of consent.

10. Defendant reserves the right to add further affirmative defenses as discovery and litigation of this case progresses.

WHEREFORE, having fully responded to the allegations contained in the Amended Complaint, Defendant prays that this Court dismiss the claims brought by Plaintiff with prejudice to future actions, at Plaintiff's costs, and for such other and further relief as the Court deems just and proper.

Dated: July 17, 2012.

>Respectfully submitted,
>
>SPENCER FANE BRITT & BROWNE LLP
>
>By: /s/ Joshua C. Dickinson
>Joshua C. Dickinson, #51446MO
>Patrick T. McLaughlin, #48633MO
>1 North Brentwood Blvd., Suite 1000
>St. Louis, MO  63105
>(314) 863-7733  (telephone)
>(314) 862-4656  (facsimile)
>jdickinson@spencerfane.com
>pmclaughlin@spencerfane.com
>
>*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri this 17th day of July, 2012, with notice of case activity generated and sent electronically to:

James W. Eason
Rick A. Voytas
Eason & Voytas, LLC
One North Taylor Ave.
St. Louis, MO 63108

*Attorneys for Plaintiff*

>/s/ Joshua C. Dickinson

OM 199949.1